Johnnie Vernon WOODS *v.* STATE of Arkansas

CR 90-33                                    790 S.W.2d 892

Supreme Court of Arkansas
Opinion delivered June 25, 1990

*William R. Simpson, Jr.*, Public Defender, by: *Llewellyn J. Marczuk*, Deputy Public Defender, for appellant.

*Steve Clark*, Att'y Gen., by: *Lynley Arnett*, Asst. Att'y Gen., for appellee.

ROBERT H. DUDLEY, Justice. Appellant, Johnnie Vernon Woods, was found guilty of two counts of rape and one count of kidnapping. He was sentenced to life imprisonment on each count, but appeals only from the kidnapping conviction. We affirm.

The point raised on appeal does not require us to develop the facts of this case in great detail. On May 31, 1989, Meredith Coleman, a third grader, got off the school bus at her regular stop in southwest Little Rock. As she was walking home, she was abducted by the appellant. He forced her into his car even though she was kicking and screaming. He drove her to an alley behind the Arkansas School for the Blind where he raped her by sexual intercourse and also by deviate sexual activity.

The principal and a coach at the school approached appellant's vehicle to investigate the driver's purpose in being on the school grounds. As they approached the car, the coach heard a voice screaming, "Help. He's raping me." With the approach of the principal and coach, appellant let go of Meredith and began trying to start the car. When the coach reached the vehicle, he opened the door and Meredith, who was completely naked, scrambled out of the car and ran to the school. The coach observed appellant sitting on the driver's side naked from the waist down.

As his sole point for reversal, appellant argues that the trial court erred in refusing to instruct the jury on the "lesser included offense" of a Class B felony kidnapping. We find no error.

Ark. Code Ann. § 5-11-102 (1987) provides in pertinent part:

> (b) Kidnapping is a Class Y felony, except that if the defendant shows by a preponderance of the evidence that he or an accomplice *voluntarily released the person restrained alive and in a safe place* prior to trial, it is a Class B felony.

(Emphasis added.)

First, we note that a kidnapping which qualifies as a Class B felony is not a lesser-included offense of a kidnapping which constitutes a Class Y felony. See Ark. Code Ann. § 5-1-110(b) (1987) which defines included offenses. Rather, the offense is still kidnapping, even when there is a voluntary, safe release of the victim. The punishment for that offense, however, may be decreased if the conditions of Ark. Code Ann. § 5-11-102(b) (1987) are met.

The decreased penalty kidnapping statute, Ark. Code Ann. § 5-11-102(b) is similar, although in an opposite fashion, to our sentence enhancement statutes. That is, under our enhancement statutes, the committed offense does not change, but if, for example, the appellant has a record of prior convictions, then his punishment may be increased. See Ark. Code Ann. § 16-90-201 (1987). Similarly, the offense of kidnapping is committed once the elements of the offense are completed; however, under Ark. Code Ann. § 5-11-102(b) (1987), the punishment for that offense may be decreased if certain conditions are met.

Here, the issue of a voluntary, safe release was not raised by the evidence; therefore, the trial court was correct in refusing to instruct on that basis. See Notes to AMCI 1702-P. Appellant argues that the trial court erred in refusing an instruction based on the voluntary, safe release of the victim because the evidence showed that appellant was no longer holding on to Meredith, and that she was able to get out of the car on her own. The argument has no merit. The reason appellant was not

holding on to Meredith was because he was trying to start the car as the principal and coach were approaching the vehicle. Meredith was able to get out of the car on her own only after the coach opened the door, and she then ran, naked, to the school. These facts provide no basis for an instruction concerning the voluntary, safe release of a victim. *See Clark* v. *State*, 292 Ark. 69, 727 S.W.2d 853 (1987); *Whitt* v. *State*, 281 Ark. 466, 664 S.W.2d 876 (1982).

In accordance with our Rule 11(f) we have examined the record and determined that no other adverse rulings to the appellant involve prejudicial error.