William Scott WELLS *v.* STATE of Arkansas

CR 90-154                                    798 S.W.2d 61

Supreme Court of Arkansas
Opinion delivered October 29, 1990

*William R. Simpson, Jr.*, Public Defender, and *Thomas B. Devine III*, Deputy Public Defender, by: *Didi H. Sallings*, Deputy Public Defender, for appellant.

*Steve Clark*, Att'y Gen., by: *Joseph V. Svoboda*, Asst. Att'y Gen., for appellee.

DALE PRICE, Justice. William Scott Wells was convicted of kidnapping under Ark. Code Ann. § 5-11-102 (1987) and sentenced to life imprisonment. He argues his conviction of a Class Y felony was error as there was uncontroverted evidence the victim was voluntarily released in a safe place. We affirm.

Dena Daniel testified that on June 21, 1989, she drove to a service station to buy gasoline for her automobile. The appellant saw her leave and followed her home. According to Daniel, the appellant approached her in her garage while she was unloading her car and invited her to a party. When she did not consent, he pulled a pistol out of his pants, pointed it at her and forced her into his automobile. With the pistol in his lap, he then drove to the Governor's Inn, a west Little Rock Motel. Upon entering the lobby, Daniel ran toward a group of women at the desk and started screaming. The appellant turned, walked out of the lobby and left the area.

Officer Stubenrauch, Little Rock Police Department, testified he spotted appellant's car and license plate number which had been reported to police. He pursued him for some distance before the appellant, who was attempting to flee, wrecked his car. The officer identified a .9 millimeter automatic or semiautomatic weapon as being the same weapon he found in the glove box of the appellant's car.

Little Rock Police Detective Larry Winn testified about a sworn statement taken from the appellant in the early morning hours of June 22, 1989, in which the appellant indicated he had been told by "Asmodeus" (Satan) to go out and find a girl with

blondish-red hair. His statement indicated he never pointed his gun at Daniel, but that he had shown it to her. The appellant told the police that subsequently he intended to put the gun in his mouth and fire it.

Also found in the vehicle were a suicide note the appellant had written and a gray tote bag which contained six yellow tent stakes and links of rope. Daniel testified the appellant carried the bag with him as the two were entering the motel lobby. The appellant told the police in his sworn statement he planned to tie Daniel down with the rope and stakes. At trial he denied carrying this bag into the motel.

The felony classification of kidnapping varies from a Class Y to a Class B, depending upon certain additional factors. Ark. Code Ann. § 5-11-102(b) (1987), the decreased penalty kidnapping statute, provides in pertinent part:

> Kidnapping is a Class Y felony, except that if the defendant shows by a preponderance of the evidence that he or an accomplice voluntarily released the person restrained alive and in a safe place prior to trial, it is a Class B felony.

The trial judge instructed the jury on the two alternative punishments, and the jury convicted the appellant of a Class Y kidnapping offense. The appellant claims he voluntarily released Daniel alive in what he considered a safe place, the Governor's Inn. He claims nothing further was required to effect her freedom. He also contends that Daniel's release was voluntary, reasoning that while he may not have encouraged her to seek help, he did not prevent her from doing so. Testimony established the appellant did not have a hand on Daniel, an arm around her or a gun pointing at her when the two entered the motel. He contends that he did not tell her what to do, where to go or threaten her if she did not obey him.

In determining the sufficiency of the evidence upon appeal, the court not only considers the testimony that tends to support the verdict, but also views the testimony in the light most favorable to the appellee. *Pope* v. *State*, 262 Ark. 476, 557 S.W.2d 887 (1977); *Gardner* v. *State*, 296 Ark. 41, 754 S.W.2d 518 (1988). Substantial evidence is evidence that is of sufficient

force and character that it will, with reasonable and material certainty and precision, compel a conclusion one way or the other, forcing or inducing the mind to pass beyond suspicion or conjecture. *Jones* v. *State*, 269 Ark. 119, 598 S.W.2d 748 (1980). The standard of review in a criminal case is not whether the evidence eliminates a reasonable doubt, but simply whether the finding of fact is supported by substantial evidence. *Broyles* v. *State*, 285 Ark. 457, 688 S.W.2d 290 (1985).

The state contends there is no evidence showing appellant voluntarily released Daniel so as to invoke Ark. Code Ann. § 5-11-102(b) relying upon *Woods* v. *State*, 302 Ark. 512, 790 S.W.2d 892 (1990). There, the victim had been kidnapped and raped by the defendant in his car parked near the Arkansas School for the Blind. Hearing the victim scream, the school's coach opened the vehicle door and the victim scrambled to safety. The defendant argued that since he was no longer holding the victim and she was able to get out of the car on her own, the trial court should have allowed the voluntary, safe release instruction. We disagreed and found it was not error for the court to refuse to give that instruction since the issue of a voluntary, safe release was not raised by the evidence.

The state argues that in this case, as in *Woods, supra*, it was the action by the victim herself that effectuated her escape rather than any action by the kidnapper which ultimately resulted in the safe release. The appellant did not take Daniel to the motel lobby with the intention of terminating the kidnapping. Rather, the appellant took Daniel through the lobby because the room he had rented was adjacent to the lobby area and one had to walk through the lobby in order to gain access to the room. Once in the lobby, Daniel was able to get away from appellant and run over to a group of people at the desk. The record reflects the only reason the appellant released his physical grip from Daniel's neck as they were entering the motel was so that he could open the door to the motel. He could not do this with his other hand or hold Daniel at gun point because he was carrying the tote bag containing the rope and tent stakes.

We hold there was substantial evidence to support the appellant's conviction of a Class Y kidnapping offense inasmuch as he did not voluntarily release his victim.

In accordance with Rule 11(f) of the Supreme Court Rules, there were no adverse rulings to the appellant involving prejudicial error.

Affirmed.