Cite as 2015 Ark. App. 42

# ARKANSAS COURT OF APPEALS

DIVISION II
No. CR-14-596

| | |
|---|---|
| | **Opinion Delivered** January 28, 2015 |
| TRAVIS KLINT PERRIGEN<br>APPELLANT | APPEAL FROM THE GARLAND COUNTY CIRCUIT COURT<br>[No. CR-13-143] |
| V. | HONORABLE JOHN HOMER WRIGHT, JUDGE |
| STATE OF ARKANSAS<br>APPELLEE | AFFIRMED |

## LARRY D. VAUGHT, Judge

Travis Klint Perrigen appeals his conviction of operating a motor vehicle with a breath-alcohol concentration of .08 or more in violation of Arkansas Code Annotated section 5-65-103(b) (Repl. 2005). The only issue presented on appeal is a challenge to the sufficiency of the evidence supporting the conviction. Perrigen argues that the results of two alcohol-concentration breath tests utilizing an Intoximeter ECIR machine, commonly referred to as breathalyzer tests, were insufficient to support his conviction in light of the alleged unreliability of the results of such tests. We hold that there was substantial evidence supporting Perrigen's conviction and affirm.

On September 8, 2012, Hot Springs Police Department Officers Shawn Lowery and John Tinney observed Perrigen and a companion riding motorcycles at a high rate of speed approaching the intersection of Broadway Street and Grand Avenue in Hot Springs. The light was red, but Perrigen was unable to stop before entering the intersection. He came to a stop in

the intersection, while his companion slid into the median. The officers approached Perrigen and his companion. Officer Lowery testified that Perrigen smelled of alcohol, was very red-faced, had slurred speech, and had bloodshot, watery eyes. When questioned, Perrigen admitted that he had been drinking but did not indicate the amount. Lowery initiated field-sobriety tests, which consisted of (1) a horizontal-gaze-nystagmus test, (2) a walk-and-turn test, and (3) a one-leg-stand test. The results of the tests indicated that Perrigen was intoxicated. Lowery testified that Perrigen then said, "I threw my life away because of a beer." Lowery then placed Perrigen under arrest and transported him to the Garland County Sheriff's Department.

At the Sheriff's Department, Lowery advised Perrigen of his rights. Perrigen waived his *Miranda* rights and consented to take a breath test to determine his blood-alcohol content. At trial, it was undisputed the Intoximeter ECIR used to conduct the tests was properly functioning and correctly calibrated at the time. Officer Lowery is certified to conduct blood-alcohol tests using the Intoximeter ECIR. It was also undisputed that Officer Lowery followed all required protocol in administering the test. Two tests were performed, which is standard procedure in order to control for biological variables and variations due to differences in breath pressure and volume. In order to be valid, the two test results must be within .02 of each other. The lower test result is reported as the final result. Perrigen's first test result was .092, and his second result was .084. Officer Lowery recorded Perrigen's blood-alcohol content as .084 and charged him with

violating Arkansas Code Annotated section 5-65-103 (a) and (b) (Repl. 2005)[1] and with careless and prohibited driving.

At trial, Perrigen's attorney elicited testimony from Laura Bailey, Director of the Arkansas Department of Health's Office of Alcohol Testing, regarding factors that can influence breathalyzer-test results, including the subject's weight, body temperature, medical history, breath pressure and volume, and whether he held his breath before the test. She testified that air temperature, dew point, breath/blood partition ratio, and machine calibration can also affect the result. Bailey testified as to the margin of error of the breathalyzer machines. She stated that before the State approved this particular model for use, it conducted rigorous tests involving seventy-five samples at each of six concentration levels between 0 and .20. In order to approve the machines, the State required the average results for each sample to be within .003 of the target. The results fell within the allowable margin, and the State approved the machines for use in blood-alcohol testing.

Next, Bailey testified that every subject must provide two tests, and in order to be valid, both results must be within .020 of each other. This is to control for biological variables that may affect the test results. If the two tests are within .020 of each other, the lower test result is used. If they are not, a valid test result has not been obtained, and the State may not use either

---

[1]Arkansas Code Annotated section 5-63-103 provides:
(a) It is unlawful and punishable as provided in this chapter for any person who is intoxicated to operate or be in actual physical control of a motor vehicle. (b) It is unlawful and punishable as provided in this chapter for any person to operate or be in actual physical control of a motor vehicle if at the time the alcohol concentration in the person's breath or blood was eight-hundredths (0.08) or more based upon the definition of alcohol concentration in § 5-65-204.

SLIP OPINION

result as the basis for charging the subject with violation of Arkansas Code Annotated section 5-65-103 (Repl. 2005).

Finally, Bailey testified that every machine is tested on a monthly basis through the use of proficiency samples mailed to each location. While Bailey did not state the allowable margin of error for these tests, she did provide the specific results for the machine used to test Perrigen. On August 4, 2012, the machine tested a .08 control sample and provided results of .077 and .077. On September 6, 2012, the machine tested a .04 control sample and provided results of .038 and .038. On October 7, 2012, the machine tested a .18 control sample and returned results of .173 and .173.

At the close of the State's case, Perrigen's attorney moved for a directed verdict, arguing that the State could not rely upon the breathalyzer results to support a conviction based upon the alleged unreliability of the results and that there was insufficient evidence to support conviction under either prong of the statute. The court denied the motion on both counts. Perrigen's attorney also moved for directed verdict on the charge of careless and prohibited driving, which was granted.

The case went to the jury on a general-verdict form accompanied by written interrogatories regarding the jury's findings under each subsection of the statute. The jury convicted Perrigen and indicated in the interrogatories that they did so pursuant to subsection (b) of section 5-65-103. The jury did not find Perrigen guilty under subsection (a), operating a motor vehicle while influenced or affected by the ingestion of alcohol to such a degree that his reactions, motor skills, and judgment were substantially altered and therefore he constituted a

clear and substantial danger of physical injury or death to himself and other motorists or pedestrians. They only found him guilty under subsection (b), operating a motor vehicle while the alcohol concentration in his breath was eight hundredths (.08%) or more by a chemical test of his breath. Perrigen filed a timely notice of appeal.

The only issue Perrigen raises on appeal is whether there was sufficient evidence to sustain his conviction for violation of subsection (b) of Arkansas Code Annotated § 5-65-103. Appellant argues that the State failed to carry its burden of proof because he claims that his breathalyzer test results were within the margin of error for the machine and were an unreliable indicator of his actual blood-alcohol content because the test did not account for numerous variables that may affect the result.

An appeal from the denial of a motion for directed verdict is treated as a challenge to the sufficiency of the evidence.[2] *Bangs v. State*, 338 Ark. 515, 518, 998 S.W.2d 738, 741 (1999). We will affirm the denial of a motion for directed verdict if substantial evidence, either direct or circumstantial, supports the conviction. *Harmon v. State*, 340 Ark. 18, 22, 8 S.W.3d 472, 474 (2000). Substantial evidence is evidence that would compel a conclusion one way or the other with reasonable certainty, without relying upon mere speculation or conjecture. *Id.*; *Andrews v. State*, 2012 Ark. App. 597, 424 S.W.3d 349. In determining the sufficiency of the evidence on appeal, we not only consider the testimony that tends to support the verdict, but also view the

---

[2]Although Perrigen's attorney failed to renew his motion for directed verdict at the close of all evidence, the Arkansas Supreme Court has previously held that "when a defendant presents no evidence after a directed verdict motion is made, further reliance on that motion is not waived." *Robinson v. State*, 317 Ark. 17, 23, 875 S.W.2d 837, 841 (1994). Therefore, because Perrigen put on no additional evidence after the motion was made, his failure to renew it is not fatal to his appeal.

SLIP OPINION

testimony in the light most favorable to the appellee. *Wells v. State*, 303 Ark. 471, 473–74, 798 S.W.2d 61, 63 (1990) (citing *Gardner v. State*, 296 Ark. 41, 754 S.W.2d 518 (1988); *Pope v. State*, 262 Ark. 476, 557 S.W.2d 887 (1977)). The standard of review in a criminal case is not whether the evidence eliminates a reasonable doubt, but simply whether the finding of fact is supported by substantial evidence. *Id.*, 798 S.W.2d at 63 (citing *Broyles v. State*, 285 Ark. 457, 688 S.W.2d 290 (1985)).

In this case, the trial court correctly ruled that Perrigen's directed-verdict arguments as to the reliability of the breathalyzer machine went to the weight and credibility of the evidence, which is within the purview of the jury. *Williams v. State*, 351 Ark. 215, 222–23, 91 S.W.3d 54, 58–59 (2002). The jury heard the evidence concerning the reliability of the breathalyzer machines, in general, and of the reliability of the machine used to test Perrigen, in particular, and chose to believe that the machine in this case was reliable. Perrigen's breathalyzer-test results were above the legal limit. Viewing the evidence in the light most favorable to the State, we hold that there was substantial evidence to support Perrigen's conviction.

Affirmed.

WHITEAKER and HOOFMAN, JJ., agree.

*The Cannon Law Firm, P.L.C.*, by: *David R. Cannon*, for appellant.
*Dustin McDaniel*, Att'y Gen., by: *Rebecca Kane*, Ass't Att'y Gen., for appellee.