SLIP OPINION

Cite as 2016 Ark. 54

# SUPREME COURT OF ARKANSAS.

No. CR-15-496

| | | |
|---|---|---|
| JOHNTA BARBER | | **Opinion Delivered** February 11, 2016 |
| | APPELLANT | |
| | | PRO SE APPEAL FROM THE FAULKNER COUNTY CIRCUIT COURT |
| V. | | [NO. 23CR-07-517] |
| STATE OF ARKANSAS | | |
| | APPELLEE | HONORABLE CHARLES E. CLAWSON, JR. JUDGE |
| | | |
| | | AFFIRMED. |

**PER CURIAM**

This is an appeal from the denial of appellant Johnta Barber's pro se petition for postconviction relief filed pursuant to Rule 37.1 of the Arkansas Rules of Criminal Procedure. For the reasons set forth below, the order of the circuit court is affirmed.

On January 8, 2009, Barber was convicted by a jury of aggravated robbery, kidnapping, possession of a firearm, discharging a firearm from a car, theft of property, aggravated assault, and fleeing. Barber was sentenced to an aggregate term of 684 months' imprisonment. These convictions arose from Barber's participation in a bank robbery along with two accomplices who, during the course of the robbery, forced three employees into the bank's vault at gunpoint.

On March 3, 2010, the Arkansas Court of Appeals affirmed the convictions, finding that they were supported by substantial evidence, and also finding that there was no speedy-trial violation. *Barber v. State*, 2010 Ark. App. 210, 374 S.W.3d 709. On April 21, 2010,

SLIP OPINION

Barber filed a timely, verified Rule 37.1 petition, and, on December 23, 2014, he filed an amended petition.

In his original Rule 37.1 petition, Barber raised ineffective-assistance-of-counsel claims based on the following allegations of error: 1) counsel's failure to challenge the sufficiency of the evidence on lesser-included offenses and failure to request jury instructions on lesser-included offenses; 2) counsel's failure to move for and obtain a mistrial based on the allegation that the prosecutor had improperly coached the State's witnesses; 3) counsel's failure to challenge the introduction of prior-conviction evidence; and 4) counsel's purposely delaying the trial and otherwise failing to protect Barber's constitutional right to a speedy trial by requesting unnecessary continuances. In addition to the aforementioned ineffective-assistance-of-counsel claims, Barber contended that the judgment of conviction is illegal on its face in that it reflects that he was convicted of three Y felony kidnapping charges, even though the trial court had reduced the classification of each kidnapping charge to a B felony. Barber's amended petition raised one additional claim for relief, that his right to a speedy trial had been violated. Otherwise, the amended petition reasserted allegations made in the original petition.

On January 20, 2015, the circuit court held a preliminary hearing where it considered whether the issues raised in both the original and amended petitions entitled Barber to an evidentiary hearing. The court ruled that Barber had not raised sufficient facts to justify an evidentiary hearing. On March 19, 2015, the circuit court issued a letter outlining its reasons for denying Barber's claims for postconviction relief. On April 9, 2015, Barber filed a motion asking, among other things, that the circuit court rule on the ineffective-assistance-

of-counsel claims set forth in grounds two through four of his Rule 37 petition. Barber subsequently filed a notice of appeal on April 17, 2015, challenging the findings encompassed in the circuit court's letter. On April 28, 2015, after the notice of appeal had been filed, the circuit court filed its formal order denying relief and reiterating the findings set forth in its previous letter.[1] The circuit court found that Barber's speedy-trial claim had already been addressed and rejected on direct appeal, that Barber had failed to present factual substantiation of his entitlement to lesser-included-offense instructions, that Barber had failed to substantiate his allegation pertaining to the prosecution's abuse of subpoena power, and that Barber had failed to demonstrate that his kidnapping charge was incorrectly classified as a Y felony.

This court has held that it will reverse the circuit court's decision granting or denying postconviction relief only when that decision is clearly erroneous. *Conley v. State*, 2014 Ark. 172, at 4, 433 S.W.3d 234, 239. A finding is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire record, is left with the definite and firm conviction that a mistake has been committed. *Sartin v. State*, 2012 Ark. 155, at 3, 400 S.W.3d 694, 697.

For his first point on appeal, Barber claims that his constitutional right to a speedy trial was violated. Assertions of trial error, even those of constitutional dimension, must be

---

[1]A notice of appeal that is filed before the circuit court issued its order, but after the court's decision was announced, is treated as being filed timely, i.e., one day after the order was entered. Ark. R. App. P. –Civ. Rule 4(a) (2015). Here, appellant's notice of appeal is timely because it was filed after the circuit court's ruling had been announced in its letter dated March 19, 2015.

raised at trial and on appeal, and are not cognizable under Rule 37.1. *Watson v. State*, 2012 Ark. 27, at 3 (per curiam). Here, the speedy trial argument was raised and rejected on direct appeal. *Barber*, 2010 Ark. App. 210, at 12–13, 374 S.W.3d at 718. The circuit court did not clearly err when it summarily dismissed this claim.

Barber's second and third points raise multiple ineffective-assistance-of-counsel allegations. When considering an appeal from a circuit court's denial of a Rule 37.1 petition based on ineffective assistance of counsel, the sole question presented is whether, based on a totality of the evidence under the standard set forth by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), the trial court clearly erred in holding that counsel's performance was not ineffective. *Taylor v. State*, 2013 Ark. 146, at 5, 427 S.W.3d 29, 32. Under *Strickland*, the effectiveness of counsel is assessed by a two-prong standard. First, Barber must show that counsel made errors so serious that counsel was not functioning as the counsel guaranteed the petitioner by the Sixth Amendment to the United States Constitution. *Williams v. State*, 369 Ark. 104, 108, 251 S.W.3d 290, 292–93 (2007). In order to demonstrate counsel error, a petitioner must show that his counsel's performance fell below an objective standard of reasonableness. *Abernathy v. State*, 2012 Ark. 59, at 4, 386 S.W.3d 477, 481 (per curiam). Furthermore, there is a strong presumption that trial counsel's conduct falls within the wide range of reasonable professional assistance, and a petitioner has the burden of overcoming this presumption by identifying specific acts or omissions of trial counsel, which, when viewed from counsel's perspective at the time of the trial, could not have been the result of reasonable professional judgment. *Bryant v. State*, 2013 Ark. 305, at 2, 429 S.W.3d 193, 196 (per curiam).

The second prong requires a petitioner to show that counsel's deficient performance so prejudiced his defense that he was deprived of a fair trial. *Holloway v. State*, 2013 Ark. 140, at 5, 426 S.W.3d 462, 467. Consequently, Barber must show that there is a reasonable probability that, but for counsel's errors, the fact-finder would have had a reasonable doubt respecting guilt, i.e., the decision reached would have been different absent the errors. *Breeden v. State*, 2014 Ark. 159, at 2, 432 S.W.3d 618, 622 (per curiam). A reasonable probability is a probability sufficient to undermine confidence in the outcome of the trial. *Id*. Conclusory allegations unsupported by facts and which provide no showing of prejudice are insufficient to warrant Rule 37 relief. *Nelson v. State*, 344 Ark. 407, 413, 39 S.W.3d 791, 795 (2001) (per curiam).

Barber asserted in ground two of his amended petition, and reasserts in his second point on appeal, that his counsel purposely delayed his trial and otherwise failed to protect his right to a speedy trial. While the circuit court summarily dismissed Barber's speedy-trial claim, it did not rule on this issue as it pertained to an ineffective-assistance-of-counsel claim. Where the trial court provides written findings on at least one, but less than all, of the petitioner's claims, we have held that an appellant has an obligation to obtain a ruling on any omitted issues if they are to be considered on appeal. *Cowan v. State*, 2011 Ark. 537, at 3 (per curiam).

Here, Barber filed a motion to modify the circuit court's order before filing the notice of appeal and specifically requested a ruling on ground two of his petition. The circuit court issued its order denying his claim, but it did not address the motion to modify nor did it rule on the omitted issues cited in the motion. Where a petitioner requests the

circuit court to provide a ruling on an omitted issue and the circuit court fails to do so, he must file for a writ of mandamus in this court, asking this court to direct the circuit court to act on the motion to provide the requested rulings. *Strain v. State*, 2012 Ark. 184, at 7, 423 S.W.3d 1, 6. Because a motion to address an omitted issue in a Rule 37 petition is ministerial and is not discretionary, a writ of mandamus is the only remedy available to a postconviction petitioner. *Id.*; *see Carter v. Chandler*, 2012 Ark. 252, at 2 (per curiam) (holding that the "deemed denied" provision of Ark. R. App. P. −Civ. 4(b) does not apply to Rule 37 appeals and a petitioner's recourse is through a writ of mandamus).

Barber's third point on appeal raises his remaining claims of ineffective assistance of counsel, which are as follows: his counsel failed to challenge the sufficiency of any lesser-included offenses or to submit jury instructions on lesser-included offenses; failed to move for a mistrial because the prosecutor had improperly coached witnesses before the trial of Barber's two codefendants; failed to challenge evidence of prior convictions introduced during the sentencing phase; and finally, that counsel was unprepared for trial. The circuit court's order denying Barber's petition did not address the last two allegations of error with respect to evidence of criminal history and trial preparation, despite Barber's motion to modify. Barber's failure to obtain a ruling on these omitted issues precludes their review on appeal. *Strain*, 2012 Ark. 184, at 7, 423 S.W.3d at 6.

Barber's claim that counsel failed to challenge the sufficiency of the evidence for lesser-included offenses is wholly without merit because no instructions on lesser-included offenses were submitted to the jury for consideration, and substantial evidence supported Barber's convictions for those offenses for which the jury convicted him. *Barber*, 2010 Ark.

App. 210, at 6–10, 374 S.W.3d 714–16. Barber also contends that his counsel failed to submit jury instructions on lesser-included offenses and that, but for his counsel's errors, he could have been convicted of lesser offenses than those for which he is currently serving time. There is nothing in the record to demonstrate entitlement to jury instructions on lesser-included offenses.

Barber was charged with and convicted of multiple offenses that included the following: one count of aggravated robbery, three counts of kidnapping, one count of possessing a firearm, one count of discharging a firearm, one count of theft of property valued at more than $2,500, one count of fleeing in a vehicle, and one count of fleeing on foot.[2] Barber did not specify which of the aforementioned charges were subject to instructions on lesser-included offenses, nor did he describe what evidence supported his entitlement to such instructions. Once an offense is determined to be a lesser-included offense, the circuit court is obligated to so instruct the jury only if there is a rational basis for a verdict acquitting the defendant of the offense charged and convicting him of the lesser-included offense. *Green v. State*, 2012 Ark. 19, at 6, 386 S.W.3d 413, 416–17. Barber does not identify the lesser-included offenses which his counsel allegedly overlooked, and he points to no evidence that would have given rise to a rational basis for such instructions.

---

[2]Barber was charged with five counts of attempted capital murder but was acquitted of those charges. In addition, Barber was found guilty of multiple misdemeanor traffic offenses, which merged with his felony convictions. The misdemeanor violations included improper use of registration, driving left of center, driving on the shoulder, failure to obey official devices, and driving without a license.

SLIP OPINION

Barber further contends that because the trial court reduced the kidnapping offense from a Y felony to a B felony, counsel erred by failing to ensure that the jury instruction conformed to the court's ruling. Kidnapping is classified as a Y felony except that the offense is to be classified as a B felony if the defendant can show that he or an accomplice voluntarily released the person restrained alive and in a safe place prior to trial. Ark. Code Ann. § 5-11-102(b)(2) (Repl. 2006). Accordingly, the trial court reduced the classification of the three kidnapping charges because the three bank employees were safely released. However, kidnapping, which qualifies as a Class B felony, is not a lesser-included offense of a kidnapping that constitutes a Class Y felony. *Woods v. State*, 302 Ark. 512, 514, 790 S.W.2d 892, 893 (1990). Rather, the offense is still kidnapping, even when there is a voluntary, safe release of the victim. *Id*. Therefore, the proper instruction for a B-felony kidnapping offense was given to the jury in this case.

Barber further contends that counsel was deficient when he failed to move for a mistrial because the prosecutor allegedly abused his subpoena power and subjected the State's witnesses to a "dress rehearsal" prior to the trial of Barber's codefendants. The record reveals that Barber's counsel made a motion to the trial court which adopted a previous motion filed by counsel for Barber's codefendants—Cornelius Paige and James Walker— wherein the trial court was asked to exclude the testimony of certain witnesses who were allegedly seen with the prosecutor "dress-rehearsing" shortly before the trial of Paige and Walker.

Barber cites to and relies on this court's decision in *Cook v. State*, 274 Ark. 244, 247, 623 S.W.2d 820, 822–23 (1981), for the proposition that, under the circumstances, he was entitled to a mistrial based on the alleged witness coaching.

In *Cook*, we expressly limited our holding to the facts of that case, and the dispositive fact of that case was the timing of the events, in that the prosecutor had coached the State's witnesses immediately prior to trial. *Cook*, 274 Ark. at 248, 623 S.W.2d at 823. In the instant case, the alleged witness coaching occurred in 2008, one year before Barber's trial. Therefore, the facts surrounding the interaction of the prosecutor with the State's witnesses are irrelevant to Barber's ineffective-assistance-of-counsel claim because he did not offer facts that any witnesses were inappropriately coached immediately before his trial.

In his fourth and final point raised on appeal, Barber contends that the circuit court erred by denying him relief without first conducting an evidentiary hearing. We have explained that Rule 37.3 clearly grants the trial court discretion to decide whether the files and records are sufficient to address the petition without a hearing, and the trial court need not hold an evidentiary hearing where it can be conclusively shown on the record, or the face of the petition itself, that the allegations have no merit. *Green v. State*, 356 Ark. 59, 65, 146 S.W.3d 871, 877 (2003). Moreover, conclusory allegations that are unsupported by facts do not provide a basis for either an evidentiary hearing or postconviction relief. *Id.* For the reasons stated above, Barber's speedy-trial claim was not cognizable, and his ineffective-assistance-of-counsel claims were based on conclusory allegations with no factual or evidentiary basis. Thus, the circuit court did not abuse its discretion when it entered its order without first holding an evidentiary hearing.

Finally, Barber alleged in his Rule 37 petition and in his amended petition that his sentence was illegal in that the judgment and commitment order reflects convictions for three Y-felony kidnapping offenses, when, in fact, the trial court had reduced the classifications to B felonies. While this issue was raised in both petitions, Barber failed to raise it in his appeal to this court.

The issue of an illegal sentence is an issue that we treat as one of subject matter jurisdiction, which this court can raise sua sponte, even when it has not been raised on appeal. *Harness v. State*, 352 Ark. 335, 339, 101 S.W.3d 235, 238 (2003). However, the sentence must be an illegal sentence before this rule applies. Thus, we must review the record to determine whether Barber's kidnapping sentences are illegal and subject to review and correction on appeal. *Id*. at 339, 101 S.W.3d at 238. A void or illegal sentence is one that is illegal on its face. *Hodges v. State*, 2013 Ark. 299, at 3 (per curiam). A sentence is illegal on its face when it exceeds the statutory maximum for the offense for which the defendant was convicted. *Id*. If a sentence is within the limits set by statute, it is legal. *Id*.

The record in Barber's case, the jury was instructed that Barber was a habitual offender and the range of sentencing for the three kidnapping offenses was not less than six years nor more than fifty years.[3] The jury sentenced Barber to ten years for each kidnapping offense, and these sentences were imposed concurrently by the trial court. The sentences for the kidnapping convictions do not exceed the maximum sentences. *See* Ark. Code Ann. § 5-4-401 (Repl. 2006) (setting forth the maximum sentences for these classified felonies).

---

[3]This was the sentencing range for an habitual offender convicted of a Class A felony under Arkansas Code Annotated section 5-4-501(a)(1)(2)(B)(Repl. 2006).

An illegal sentence must be facially invalid, that is, it must be apparent from the face of the judgment-and-commitment order that the sentence exceeds the statutory maximum for the offense for which Barber was convicted. *Hodges*, 2013 Ark. 299, at 3. Here, the judgment-and-commitment order reflects convictions for three felonies classified as Y felonies and sentences that fall within the appropriate range for this classification. Because the sentence is not illegal on its face, the issue raised below, but not on appeal, is abandoned, and cannot be reviewed or corrected by this court. *Harness*, 352 Ark. at 339, 101 S.W.3d at 238.

This court will uphold a judgment of the circuit court unless there is a showing that the judgment was clearly erroneous. *Conley*, 2014 Ark. 172, at 4, 433 S.W.3d at 239. The burden is entirely on the petitioner to provide facts that affirmatively support his claims of ineffective assistance of counsel, and neither conclusory statements nor allegations without factual substantiation are sufficient to overcome the presumption that counsel was effective, and such statements and allegations will not warrant granting postconviction relief. *Anthony v. State*, 2014 Ark. 195, at 11 (per curiam). Barber has not met this burden. Further, the circuit court did not err when it dismissed the speedy-trial claim as not cognizable. Accordingly, the circuit court's order is affirmed.

Affirmed.

*Johnta Barber*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Christian Harris*, Ass't Att'y Gen., for appellee.