Cite as 2023 Ark. App. 127

# ARKANSAS COURT OF APPEALS
## DIVISION III
### No. CR-22-477

| | |
|---|---|
| DARRYL LAVON BUNTON<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br><br>APPELLEE | Opinion Delivered March 8, 2023<br><br>APPEAL FROM THE ASHLEY COUNTY CIRCUIT COURT [NO. 02CR-21-196]<br><br>HONORABLE ROBERT BYNUM GIBSON III, JUDGE<br><br>AFFIRMED |

**RAYMOND R. ABRAMSON, Judge**

Following an April 13, 2022 jury trial, Darryl Lavon Bunton was convicted by the Ashley County Circuit Court of possession of a firearm by certain persons, a Class B felony. He was sentenced to twenty years' imprisonment and fined $10,000. On appeal, he argues that the circuit court erred by denying his motion for directed verdict. We affirm.

On the evening of September 24, 2021, Bunton had an altercation with Roy Langstaff in Langstaff's carport. Bunton pushed Langstaff and ran off. Langstaff immediately heard three gunshots and saw muzzle flashes from the gunfire coming from the direction in which Bunton had fled. Langstaff could not see Bunton or the gun, but to his knowledge, nobody else was present in his yard.

Later that evening, Officer Edwin Browning searched Langstaff's yard and found a 9mm shell casing less than thirty feet from Langstaff's house. He also found Bunton's cell

phone near the shell casing. Both items were found in the area where Bunton had run after pushing Langstaff. The State charged Bunton with Class B felony possession of a firearm by certain persons and Class D felony aggravated assault. The State later elected not to prosecute the aggravated-assault charge.

Before the April 2022 trial, the parties stipulated that prior to September 24, 2021, Bunton had been convicted of second-degree battery, a violent felony. The State presented testimony from Langstaff and Officer Browning and rested its case. Bunton moved for a directed verdict, arguing that the State had failed to make a prima facie case that he was in possession of a firearm. The circuit court denied the motion. This timely appeal followed in which Bunton concedes that he is a felon but claims that the State failed to prove he possessed a firearm.

Motions for directed verdict are challenges to the sufficiency of the evidence. *Benson v. State*, 357 Ark. 43, 160 S.W.3d 341 (2004). In reviewing a challenge to the sufficiency of the evidence, this court determines whether the verdict is supported by substantial evidence, which is evidence that is forceful enough to compel a conclusion one way or the other beyond speculation or conjecture. *Baker v. State*, 2019 Ark. App. 515, 588 S.W.3d 844. The evidence is viewed in the light most favorable to the verdict, and only evidence supporting the verdict will be considered. *Id.* Circumstantial evidence may provide a basis to support a conviction if it is consistent with the defendant's guilt and inconsistent with any other reasonable conclusion. *Id.* Whether evidence excludes every other hypothesis is left to the jury to decide. *Id.* The credibility of witnesses is an issue for the jury and not the court. *Id.*

In resolving conflicting testimony and inconsistent evidence, the jury is entitled to choose to believe the State's account of the facts rather than the defendant's version. *E.g.*, *Dunn v. State*, 371 Ark. 140, 147, 264 S.W.3d 504, 508 (2007). This court will not disturb the jury's determination unless the evidence required the jury to resort to speculation and conjecture to reach its verdict. *See, e.g.*, *id.* at 142–43, 264 S.W.3d at 506.

As charged in this case, a person commits possession of a firearm by certain persons if he previously has been convicted of a violent felony and possesses a firearm. Ark. Code Ann. § 5-73-103(a)(1), (c)(1)(A) (Repl. 2016). A firearm need not be recovered to convict a person of being a felon in possession. *See, e.g.*, *Green v. State*, 2018 Ark. App. 145, at 9, 544 S.W.3d 574, 580.

Contrary to Bunton's argument, the State's evidence was sufficient for the jury to conclude without the need to resort to speculation that he possessed and fired a gun. Langstaff heard gunshots and saw muzzle flashes coming from the direction in which Bunton had just fled after their altercation. According to Langstaff, Bunton was the only person in his yard at the time of the gunshots. Officer Browning searched Langstaff's yard and found a 9mm shell casing and Bunton's cell phone in the area in which Bunton fled.

In light of these facts, we hold that the State presented sufficient evidence that Bunton was in possession of a firearm. Viewing the evidence in this case in the light most favorable to the State, there was substantial evidence from which the jury could have concluded that Bunton, a felon, possessed the firearm. Therefore, we affirm Bunton's conviction.

Affirmed.

GRUBER and BARRETT, JJ., agree.

*Potts Law Office*, by: *Gary W. Potts*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Joseph Karl Luebke*, Ass't Att'y Gen., for appellee.