Cite as 2024 Ark. App. 239

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CR-22-748

| | | |
|---|---|---|
| OSCAR PEREZ | | Opinion Delivered April 10, 2024 |
| | APPELLANT | |
| | | APPEAL FROM THE BENTON |
| V. | | COUNTY CIRCUIT COURT |
| | | [NO. 04CR-18-886] |
| STATE OF ARKANSAS | | |
| | APPELLEE | HONORABLE ROBIN F. GREEN, JUDGE |
| | | |
| | | AFFIRMED |

**N. MARK KLAPPENBACH, Judge**

This is an appeal of the denial of postconviction relief sought pursuant to Arkansas Rule of Criminal Procedure 37. For reversal, Oscar Perez argues that the circuit court erred by denying his Rule 37 petition without conducting a hearing and denying his claim of ineffective assistance of counsel based on seven particular attorney errors. We affirm.

Perez was convicted by a jury of Class Y felony kidnapping, first-degree battery, possession of firearms by certain persons, aggravated assault, and first-degree terroristic threatening. His sentences were enhanced because he employed a firearm in the commission of a felony and was a habitual offender. These charges were all related to the abduction of Neryda Gonzales and the harm Perez inflicted on her. We affirmed his convictions on direct appeal. *See Perez v. State*, 2020 Ark. App. 367, 607 S.W.3d 507.

Perez filed a petition for postconviction relief in 2021 wherein he alleged seven attorney errors equated to ineffective assistance of counsel: (1) failing to seek severance of the felon-in-possession-of-a-firearm charge from the other charges; (2) wrongly stipulating to Perez's having a prior felony conviction; (3) failing to object to the testimony of Mandy Jeffries about prior bad acts: (4) failing to object to the testimony of Brooke Rust about prior bad acts; (5) failing to make a directed-verdict motion challenging the Y level kidnapping charge; (6) failing to fully inform Perez about plea negotiations and the amended felony information; and (7) requesting a continuance over Perez's objection. The State filed a written response, and the circuit court issued a detailed written order denying Perez's petition without conducting a hearing on the petition. This appeal followed.

When the appellate court reviews the denial of relief pursuant to Rule 37, we will not reverse the circuit court's decision granting or denying postconviction relief unless it is clearly erroneous. *Riley v. State*, 2021 Ark. 70, 620 S.W.3d 511. A finding is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been made. *Id.* Our standard of review requires that we assess the effectiveness of counsel under the two-prong standard set forth by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). *Id.* The first prong of the *Strickland* test relates to trial counsel's performance. *Id.* A petitioner must show that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the petitioner by the Sixth Amendment to the United States Constitution. *Id.* Counsel's performance must be shown to have fallen below

2

an objective standard of reasonableness. *Id.* To meet the second prong, the petitioner must show that counsel's deficient performance prejudiced petitioner's defense to such an extent that he was deprived of a fair trial. *Id.* A claimant must show that there is a reasonable probability that the fact-finder's decision would have been different absent counsel's errors. *Id.* A reasonable probability is a probability sufficient to undermine confidence in the outcome of the trial. *Id.* Unless a petitioner makes both showings, it cannot be said that the conviction resulted from a breakdown in the adversarial process that renders the result unreliable. *Id.*

Additionally, when a Rule 37 petition is denied without a hearing pursuant to Rule 37.3(a), we review the circuit court's written findings setting forth either that the petition is wholly without merit or that it is conclusive on the face of the record that the petitioner is entitled to no relief for clear error. *Crawford v. State*, 2023 Ark. App. 341, 669 S.W.3d 889. In determining a claim of ineffective assistance of counsel, this court considers the totality of the evidence. *Burnside v. State*, 2017 Ark. App. 691, 537 S.W.3d 796.

*Alleged Error I*

Perez first alleges that he was given ineffective assistance of counsel when his counsel failed to attempt to sever the felon-in-possession-of-a-firearm charge from the other charges. Matters of trial strategy and tactics, even if arguably improvident, fall within the realm of counsel's professional judgment and are not grounds for finding ineffective assistance of counsel. *Hartman v. State*, 2017 Ark. 7, 508 S.W.3d 28. The reviewing court must indulge

3

in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Britt v. State*, 2020 Ark. App. 486, 612 S.W.3d 175.

Our supreme court has declined to conclude that the joinder of a possession-of-a-firearm-by-certain-persons charge along with another felony charge constitutes prejudice by that fact alone in all instances. *Sutton v. State*, 311 Ark. 435, 844 S.W.2d 350 (1993). Instead, such cases are to be examined individually to determine if the presumption of prejudice has been overcome and whether the circuit court abused its discretion. *Harrison v. State*, 2017 Ark. App. 580, 533 S.W.3d 146. Such an error is not prejudicial with the existence of one or more overriding factors, including (1) the overwhelming evidence of guilt; (2) cross-examination of the defendant on the prior conviction; and (3) a limiting instruction to the jury. *Id.*

As noted by the circuit court, the evidence of Perez's guilt was overwhelming. Ms. Gonzales testified at trial about Perez's having struck her in the head with a gun, abducted her, threatened her, and shot her in the leg. He also shot a bullet through her bedroom mirror. Other witnesses corroborated Gonzales's testimony, medical documentation corroborated her injuries, and cellphone data corroborated the places that Perez, fueled by methamphetamine and paranoia, took Gonzales. Perez even took cellphone videos of himself smoking and referring to Gonzales being shot, while she is seen and heard groaning in the bed behind him. In addition, the jury was given a limiting instruction stating that the jury was not to consider other past crimes, wrongs, or acts of Perez to prove his character or

4

that he acted in conformity with those behaviors for purposes of the other charges. On these facts, Perez failed to show the prejudice necessary to grant him any Rule 37 relief.

*Alleged Error II*

Perez next argues that his attorney wrongly stipulated to his having a prior felony conviction, equating to ineffective assistance of counsel. We disagree. As the circuit court noted, this was a sound strategic decision, it was agreed to before the jury trial began, and it spared Perez the prejudice of the jury learning the number and nature of his prior felony convictions. Those included drug-related offenses, failures to appear, and the violation of an order of protection, among others. We see no ineffective assistance of counsel in this strategic decision to stipulate that he is a convicted felon when there was ample prejudicial information that could have been entered into evidence absent this stipulation.

*Alleged Errors III & IV*

Perez contends that his counsel was ineffective by failing to object to certain portions of the testimonies of Mandy Jeffries and Brooke Rust. The record does not bear out this allegation. Prior to trial, defense counsel had filed a motion to prevent the State from introducing the witness evidence that Perez complains about now, and the circuit court ruled that it was admissible under Rule 404(b) of the Arkansas Rules of Evidence. Perez adds that these witnesses testified beyond the parameters of what the circuit court's earlier ruling allowed, but our review of the record does not indicate that their testimonies exceeded what was deemed admissible prior to trial. Moreover, failure to make a meritless objection or motion does not constitute ineffective assistance of counsel. *See Moten v. State*, 2013 Ark.

503. Perez added that Ms. Rust's testimony was irrelevant, but it was relevant because she confirmed Perez's presence with Ms. Gonzales on the night in question, that Ms. Gonzales's blood was left where she had been sitting, and how people were reacting to Perez's erratic behavior that night.

*Alleged Error V*

To prevail on his ineffective-assistance claim based on counsel's failure to preserve the challenge to the sufficiency of the evidence as to the Y felony kidnapping, Perez was required to demonstrate *Strickland* prejudice by showing that, had the issue been preserved, the appellate court would have reversed his conviction. *See Porras v. State*, 2024 Ark. App. 57, 684 S.W.3d 236. When Perez's direct appeal was considered, we specifically stated that had the Y-felony-kidnapping issue been preserved for appellate review, it was a question of fact for the jury to decide which of the kidnapping felonies (Class Y or Class B) applied in this case and that the jury could have could have reasonably found that Perez failed to carry his burden to establish that he ultimately left Ms. Gonzales "in a safe place" when he left her with a debilitating leg wound in an unfamiliar residence with unfamiliar people. The record before us supports the circuit court's finding that Perez failed to establish *Strickland* prejudice.

*Alleged Error VI*

Perez contends that his attorney failed to inform him of the addition of charges and plea negotiations. As the circuit court stated, the record defies Perez's allegation that he was unaware of the amended criminal information because at arraignment, each and every charge was read to Perez, and on the record, his attorney stated that Perez had been advised of the

minimum and maximum penalties of each charge.  When a petitioner contends that he was prejudiced during plea negotiations, he must provide information about the substance of the proposed offer or counteroffer and demonstrate that he would have accepted any counter offer.  *Small v. State*, 371 Ark. 244, 264 S.W.3d 512 (2007).  Perez states generally that he was not able to knowingly and intelligently consider plea negotiations, but he provides no specifics whatsoever.  Thus, Perez cannot establish entitlement to Rule 37 relief on this point.

*Alleged Error VII*

In his Rule 37 petition, Perez contended that he was provided ineffective assistance of counsel when his attorney asked for a continuance of the trial over his objection and when his attorney did not ask that any new evidence or witness be excluded.  Perez does not identify what new evidence or new witness was permitted or how it prejudiced him.  Conclusory allegations without factual backing are not sufficient to sustain a Rule 37 petition for relief.  *Crawford v. State*, 2023 Ark. App. 341, 669 S.W.3d 889.  To the extent that Perez contends that his attorney's request for a continuance somehow violated his right to a speedy trial, we disagree.  Continuances granted at the request of a defendant's counsel are excluded from the speedy-trial computation even if the defendant does not approve or was not consulted.  *See McCray v. State*, 2020 Ark. 172, 598 S.W.3d 509.  Moreover, Perez was tried well within one year of being charged, so Perez was afforded his right to a speedy trial.

*Alleged Entitlement to a Hearing*

The last issue to consider is Perez's allegation that he was entitled to a hearing on his petition.  We disagree.  "If the petition and the files and records of the case conclusively

7

show that the petitioner is entitled to no relief, the trial court shall make written findings to that effect, specifying any parts of the files, or records that are relied upon to sustain the court's findings." Ark. R. Crim. P. 37.3(a). Neither Perez's arguments in his petition nor the record of the case show that Perez is entitled to any relief under Rule 37. Therefore, the circuit court did not err by dismissing the petition by written order without a hearing. *See Harmon v. State*, 2023 Ark. 179, 678 S.W.3d 390.

In sum, we cannot conclude that the circuit court's decision to deny Perez relief under Rule 37 was clearly erroneous.

Affirmed.

VIRDEN and WOOD, JJ., agree.

*Robert M. "Robby" Golden*, for appellant.

*Tim Griffin*, Att'y Gen., by: *Walker K. Hawkins*, Ass't Att'y Gen., for appellee.