Cite as 2024 Ark. App. 476

# ARKANSAS COURT OF APPEALS
## DIVISION IV
### No. CR-23-569

| | |
|---|---|
| DARRYL BUNTON<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br><br>APPELLEE | Opinion Delivered October 9, 2024<br><br>APPEAL FROM THE ASHLEY COUNTY CIRCUIT COURT [NO. 02CR-21-196]<br><br>HONORABLE ROBERT B. GIBSON III, JUDGE<br><br>AFFIRMED |

**RAYMOND R. ABRAMSON, Judge**

Darryl Bunton appeals from the denial of postconviction relief under Rule 37 of the Arkansas Rules of Criminal Procedure. Bunton was convicted of possession of a firearm by certain persons and sentenced to twenty years' imprisonment and a $10,000 fine. This court upheld his conviction on direct appeal in *Bunton v. State*, 2023 Ark. App. 127, 661 S.W.3d 736. He now appeals, claiming the circuit court erred by denying his Rule 37 petition. Because Bunton's claims are without merit, we affirm.

In Bunton's Rule 37 petition, he asserts the State presented insufficient evidence to find he possessed a gun. The State responded that Bunton had failed to state grounds for which relief could be granted, pointing to the fact that this court had already adjudicated the issue of sufficiency of the evidence. The circuit court denied Bunton's petition, finding his claim of insufficient evidence meritless.

On appeal, Bunton raises three arguments: (1) the circuit court erred by denying his petition because the circumstantial evidence at trial did not exclude every other reasonable hypothesis about whether he had a gun; (2) the State failed to prove his actual or constructive possession of the gun; and (3) the circuit court failed to make written findings of fact after it found he had a colorable cause of action when it allowed him to proceed in forma pauperis.

When considering an appeal from a circuit court's denial of postconviction relief on a claim of ineffective assistance of counsel, the sole question presented is whether, based on a totality of the evidence, under the standard set forth by the Supreme Court of the United States in *Strickland v. Washington*, 466 U.S. 668 (1984), the circuit court clearly erred in holding that counsel's performance was not ineffective. *Sparkman v. State*, 373 Ark. 45, 281 S.W.3d 277 (2008). In making this determination, we must consider the totality of the evidence. *Howard v. State*, 367 Ark. 18, 238 S.W.3d 24 (2006).

The benchmark for judging a claim of ineffective assistance of counsel must be "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland*, 466 U.S. at 686. Pursuant to *Strickland*, we assess the effectiveness of counsel under a two-prong standard. First, a petitioner raising a claim of ineffective assistance must show that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the petitioner by the Sixth Amendment to the United States Constitution. *Williams v. State*, 369 Ark. 104, 251 S.W.3d 290 (2007). A petitioner making an ineffective-assistance-of-counsel claim must show that counsel's performance fell below an objective standard of reasonableness. *Springs v. State*,

2012 Ark. 87, 387 S.W.3d 143. A court must indulge in a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. *Id.*

Second, the petitioner must show that counsel's deficient performance so prejudiced petitioner's defense that petitioner was deprived of a fair trial. *Id.* The petitioner must show there is a reasonable probability that, but for counsel's errors, the fact-finder would have had a reasonable doubt respecting guilt, i.e., the decision reached would have been different absent the errors. *See Cothren v. State*, 344 Ark. 697, 42 S.W.3d 543 (2001). A reasonable probability is a probability sufficient to undermine confidence in the outcome of the trial. *Perez v. State*, 2024 Ark. App. 239, 687 S.W.3d 847. Unless a petitioner makes both showings, it cannot be said that the conviction resulted from a breakdown in the adversarial process that renders the result unreliable. *Id.* "[T]here is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one." *Johnson v. State*, 2020 Ark. 168, at 4–6, 598 S.W.3d 515, 519–20 (quoting *Strickland*, 466 U.S. at 697).

When reviewing a circuit court's ruling on a petitioner's request for Rule 37 relief, this court will not reverse the circuit court's decision granting or denying postconviction relief unless it is clearly erroneous. *Kemp v. State*, 347 Ark. 52, 55, 60 S.W.3d 404, 406 (2001). A finding is clearly erroneous when, although there is evidence to support it, the appellate court after reviewing the entire evidence is left with the definite and firm conviction that a mistake has been made. *Id.*, 60 S.W.3d at 406.

Additionally, when a Rule 37 petition is denied without a hearing pursuant to Rule 37.3(a), we review the circuit court's written findings setting forth either that the petition is wholly without merit or that it is conclusive on the face of the record that the petitioner is entitled to no relief for clear error. *Crawford v. State*, 2023 Ark. App. 341, 669 S.W.3d 889. In determining a claim of ineffective assistance of counsel, this court considers the totality of the evidence. *Burnside v. State*, 2017 Ark. App. 691, 537 S.W.3d 796.

Arkansas Rule of Criminal Procedure 37.3(c) provides that an evidentiary hearing should be held in a postconviction proceeding unless the files and record of the case conclusively show that the prisoner is entitled to no relief. *Mancia v. State*, 2015 Ark. 115, at 3, 459 S.W.3d 259, 263. The circuit court, in its discretion, can deny postconviction relief without a hearing if it concludes that the petitioner is entitled to no relief. *See id.*

Rule 37.3(a) (2020) states that

> [i]f the petition and the files and records of the case conclusively show that the petitioner is entitled to no relief, the [circuit] court shall make written findings to that effect, specifying any parts of the files, or records that are relied upon to sustain the court's findings.

Such is the case here. The petitioner has the burden of pleading "in concise, nonrepetitive, factually specific language" at least one cause of action that is cognizable under the rule, and the petitioner must plead facts that support his or her claim. Ark. R. Crim. P. 37.1. It is in an evidentiary hearing that the petitioner has the burden of producing evidence to support his or her claims. *Rackley v. State*, 2010 Ark. 469, at 3. When a hearing is not held, it is the function of the circuit court to make written findings. *Id.* Conclusory allegations

unsupported by facts do not provide a basis for either an evidentiary hearing or postconviction relief. *Barber v. State*, 2016 Ark. 54, at 9, 482 S.W.3d 314, 322.

Claims of mere trial error that could have been addressed at trial and on direct appeal are not grounds for relief under Rule 37. *E.g.*, *Stewart v. State*, 2014 Ark. 419, at 10, 443 S.W.3d 538, 545. Accordingly, Rule 37 generally is not a means to challenge the sufficiency of the evidence. *Id.*

Sufficiency of the evidence is the exact claim Bunton raised in his Rule 37 petition. While he couched his argument as one of no evidence to support the conviction, he also conceded that there was at least circumstantial evidence by which to find him guilty. Bunton himself discussed some of the circumstantial evidence in his petition—the victim, Roy Langstaff, heard gunshots and saw a muzzle flash from the direction Bunton fled; and Officer Browning found a 9mm shell casing and Burton's cell phone in the area where Bunton fled. Accordingly, Bunton's petition asserted a claim of insufficient evidence, not a complete lack of evidence, and his claim is therefore not cognizable in this proceeding.

In Bunton's final point on appeal, he argues that the circuit court erred by failing to make written findings after it granted his in forma pauperis request. He claims that because the circuit court granted leave to proceed in forma pauperis to appeal, he thereby had a colorable cause of action and is entitled to relief under Rule 37. Allegations without factual substantiation are insufficient. *Thomas v. State*, 2022 Ark. 12, at 4, 637 S.W.3d 268, 272. When a party presents no convincing argument nor cites any convincing legal authority, this court will not reach the merits of that point on appeal. *See Ward v. State*, 350 Ark. 69, 74, 84

5

S.W.3d 863, 866 (2002). Thus, we affirm the circuit court's order denying Bunton postconviction relief.

Affirmed.

KLAPPENBACH and BROWN, JJ., agree.

*Darryl Bunton*, pro se appellant.

*Tim Griffin*, Att'y Gen., by: *Walker K. Hawkins*, Ass't Att'y Gen., for appellee.