Cite as 2021 Ark. 32

# SUPREME COURT OF ARKANSAS

No. CR-20-284

| | | |
|---|---|---|
| LAJASON COAKLEY | | **Opinion Delivered:** February 18, 2021 |
| | APPELLANT | PRO SE APPEAL FROM THE MILLER COUNTY CIRCUIT COURT [NO. 46CR-16-661] |
| V. | | |
| STATE OF ARKANSAS | | HONORABLE BRENT HALTOM, JUDGE |
| | APPELLEE | REMANDED TO SETTLE THE RECORD. |

**RHONDA K. WOOD, Associate Justice**

LaJason Coakley appeals the denial of his petition for postconviction relief. The State argues this court should dismiss the appeal because Coakley untimely filed his petition in the circuit court. We remand to settle the record because the basis for the circuit court's jurisdiction is unclear.

A jury convicted Coakley of first-degree murder. He appealed the conviction, and this court affirmed. *Coakley v. State*, 2019 Ark. 259, 584 S.W.3d 236. The mandate issued on November 14, 2019. Rule 37.2(c)(ii) required Coakley to file his Rule 37.1 petition within sixty days of that date—January 13, 2020. The record reflects that Coakley filed a motion to amend the Rule 37 petition on January 15, 2020, suggesting the filing or tendering of an earlier petition. However, no prior petition appears in the record. He did file a petition for postconviction relief pursuant to Rule 37 on January 29, 2020. A subsequent motion to

amend/supplement the Rule 37 petition and for expansion of the page limits was also filed on January 29, 2020. The circuit court entered an order denying relief as to the petition and the additional motion. Coakley appealed this order.

The State is correct that Coakley filed all three pleadings after the deadline for filing a petition for relief under Rule 37. The time requirements in Arkansas Rule of Criminal Procedure 37.2(c) are mandatory; when a petition under Rule 37.1 is untimely filed, a trial court shall not consider the merits of the petition. *Gardner v. State*, 2017 Ark. 230. A trial court may not grant relief on an untimely Rule 37.1 petition because it is procedurally barred. *See Millsap v. State*, 2018 Ark. 193.

However, the State concedes Coakley attempted to file something on January 2, 2020. Coakley argues this was a timely petition. It is imperative that the record accurately reflect whether Coakley attempted to timely file his Rule 37.1 petition and whether the clerk inappropriately rejected that filing. Without those facts, neither the trial court nor this court can determine jurisdiction. The trial court never mentioned the timeliness of the petition and instead entered an order addressing the merits of the January 29 Rule 37 petition. However, the trial court could not consider any petition without jurisdiction. We remand to the trial court to settle the record and determine whether Coakley tendered a timely petition and to supplement the record as necessary to determine jurisdiction.

Remanded to settle the record.

*LaJason Coakley*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Karen Virginia Wallace*, Ass't Att'y Gen., for appellee.