Cite as 2021 Ark. 207

# SUPREME COURT OF ARKANSAS

**No.** CR-20-284

| | |
|---|---|
| LAJASON J. COAKLEY | **Opinion Delivered:** November 12, 2021 |
| APPELLANT | PRO SE APPEAL FROM THE MILLER COUNTY CIRCUIT COURT |
| V. | [NO. 46CR-16-661] |
| STATE OF ARKANSAS | HONORABLE BRENT HALTOM, JUDGE |
| APPELLEE | |
| | <u>AFFIRMED</u>. |

**RHONDA K. WOOD, Associate Justice**

LaJason J. Coakley was convicted by a jury of first-degree murder. He received a sentence of life imprisonment without parole. Coakley petitioned for postconviction relief, contending his trial counsel was ineffective. The circuit court denied him relief without a hearing. Coakley appeals on four grounds. He argues the circuit court erroneously found counsel was not ineffective for failing (1) to develop the defense of provocation; (2) to object to the witness's t-shirt with the victim's picture; (3) to seek a mistrial after the State introduced documents from Texas physicians; and (4) to investigate the victim's medical history or obtain a separate expert witness to impeach the cause-of-death testimony. We affirm.

I. *Background*

Coakley petitioned for relief alleging ineffective assistance of counsel under Rule 37.1 of the Arkansas Rules of Criminal Procedure. He later filed amended motions too. But Coakley's petition and motions had a difficult path to resolution. The circuit court denied

him relief on his Rule 37.1 claims, and Coakley appealed. But on appeal, the State argued that his initial petition had been untimely because the circuit clerk tendered but did not file it. This court remanded to settle and supplement the record to determine whether Coakley's initial petition was timely. *Coakley v. State*, 2021 Ark. 32.

Upon remand, the circuit court found that the circuit clerk erred when it did not file Coakley's initial petition and that his "[p]etition should be deemed as timely filed with the Circuit Court." The record—as supplemented—shows that Coakley's petition was timely and that the circuit court had jurisdiction. *See Reynolds v. State*, 2019 Ark. 144, 572 S.W.3d 869.

## II.  *Ineffective Assistance of Counsel*

Our standard for ineffective-assistance-of-counsel claims is a two-prong analysis set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). To prevail under the *Strickland* standard, the petitioner must show that (1) counsel's performance was deficient and (2) the deficient performance prejudiced his defense. *Reynolds v. State*, 2020 Ark. 174, 599 S.W.3d 120. Unless a petitioner shows both, we will not grant relief on a claim of ineffective assistance of counsel. *Williams v. State*, 2019 Ark. 289, 586 S.W.3d 148.

In evaluating the first *Strickland* prong, we presume counsel is effective, and allegations without factual substantiation cannot overcome that presumption. *Henington v. State*, 2012 Ark. 181, 403 S.W.3d 55. The petitioner has the burden of identifying specific acts and omissions that, when viewed from counsel's perspective at the time of trial, could not have been the result of reasonable professional judgment. *Id.*

This court will not reverse a circuit court's denial of a Rule 37.1 petition unless the circuit court's findings are clearly erroneous. *Williams v. State*, 2019 Ark. 129, 571 S.W.3d

921. A finding is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, has a firm conviction there has been a mistake. *Id*. On appeal, Coakley alleges four areas where his trial counsel was ineffective. We affirm because he did not meet this first *Strickland* prong in any of the four areas.

## A. Defense of Provocation

First, Coakley argued that his trial counsel should have pursued the defense of provocation. He contended that video footage from a nightclub would have supported his claim that the victim's death resulted from manslaughter rather than murder. Yet on appeal he changed his argument. He now argues that his trial counsel did not investigate Coakley's psychiatric health or seek a mental-health evaluation to support a claim of extreme emotional disturbance. But Coakley makes this argument for the first time on appeal, and this court does not address new arguments on appeal. *See Swift v. State*, 2018 Ark. 74, 540 S.W.3d 288. We do not find error in the circuit court's decision on provocation as Coakley abandoned that claim on appeal.

## B. Witness with Photograph of the Victim on a Shirt

Next, Coakley claims his trial counsel was ineffective for failing to move for a mistrial when a witness, Larry Waller, wore a shirt with the victim's picture on it. Coakley claims his counsel merely objected and let the witness change shirts. The circuit court denied relief because Coakley and his counsel discussed the matter and decided not to ask for a mistrial. We affirm on this point.

The direct-appeal record reveals that when the witness arrived, trial counsel objected to the witness's shirt and button that displayed a photo of the victim and the words "Long live Montel," contending that both were prejudicial to Coakley. The trial court had the

3

witness step out to change. After, the trial court asked whether counsel had any other record to make on the witness's clothing. Counsel stated that he spoke with Coakley and they sought no other relief. Counsel noted another jury instruction would likely draw more attention to the issue and that he would not be requesting a mistrial.

Counsel is not ineffective when the decision stems from professional judgment and trial strategy. *Fukunaga v. State*, 2016 Ark. 164, at 3, 489 S.W.3d 644, 646. The record bears this out here. In denying postconviction relief, the circuit court found that trial counsel had (1) stated his reasons for objecting; (2) stated his reasons for not seeking a jury instruction or requesting a mistrial; and (3) conferred with Coakley. The trial court determined that trial counsel was not ineffective. The circuit court's finding on ineffective assistance of counsel was not clearly erroneous because counsel conferred with Coakley and made a reasonable professional judgment not to seek a mistrial.

## C. Medical Examiner's Testimony

Coakley next argues that his trial counsel failed to protect his constitutional right to confront the witnesses against him by failing to object and move for a mistrial during testimony from an expert witness. At trial, Dr. Stephen A. Erickson testified about his autopsy report and findings. Coakley claims his trial counsel should have moved for a mistrial when Dr. Erickson referenced the victim's medical records, which included records prepared by other physicians. Particularly, Coakley is upset that some of these physicians were from Texas.

Coakley correctly asserts that the Sixth Amendment's Confrontation Clause provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." U.S. Const. amend. VI; *see also Vankirk v. State*, 2011 Ark.

4

428, 385 S.W.3d 144 (noting that the Confrontation Clause is incorporated into the Arkansas Constitution through the Fourteenth Amendment). In *Crawford v. Washington*, 541 U.S. 36 (2004), the Supreme Court held that the Confrontation Clause bars the admission of testimonial statements unless the witness is unavailable and the defendant has previously had the opportunity to cross-examine the declarant. Nontestimonial statements are not subject to the Sixth Amendment. *Davis v. Washington*, 547 U.S. 813 (2006).

As the circuit court determined, trial counsel was not ineffective for failing to object because Dr. Erickson testified only about his own findings. Dr. Erickson testified that, as part of his autopsy, he gathered information from law enforcement; reviewed medical records; performed an examination of the body; and evaluated any ancillary stages that may be important, such as toxicology or x-rays. Dr. Erickson noted that the victim's medical records reflected the victim was shot on August 20 but did not die until September 12. Because of the prolonged interval and medical interventions, Dr. Erickson relied on medical records, some from Texas, for the placement of the wounds. But only Dr. Erickson's autopsy report was introduced at trial, a report which reflected his own findings about the victim's cause of death. Dr. Erickson did not testify to any findings made by another doctor about the cause of death.

Because Dr. Erickson was present at trial and it was his report that was admitted, we do not find counsel was ineffective regarding his handling of this witness. Arkansas Rule of Evidence 703 provides that an expert witness may base his opinion on facts or data inadmissible as evidence if of a type reasonably relied on by experts in a particular field. Counsel is not expected to make objections or motions that are not based in law. *Dennis v.*

*State*, 2020 Ark. 28, at 12, 592 S.W.3d 646, 654. The circuit court's finding that counsel was not ineffective for declining to object was not clearly erroneous.

### D. Victim's Cause of Death

Last, Coakley contends that trial counsel did not conduct an independent investigation into the victim's medical records. He argues that trial counsel should have investigated the victim's cause of death and whether it stemmed from an unrelated event like medical negligence. Coakley also argues that without further investigation by counsel, Coakley lacked his own expert to rebut the State expert's testimony about the victim's cause of death. The trial court found that Coakley's claim was "totally unsupported by the evidence in this case."

Coakley provides no factual substantiation to support his claim that trial counsel was ineffective for his failure to investigate or rebut the State's expert with an independent expert on the claim of medical negligence. A conclusory claim without factual substantiation is not a basis for postconviction relief. *Ortega v. State*, 2017 Ark. 365, 533 S.W.3d 68. And despite his claim to the contrary, trial counsel asked Dr. Erickson several questions related to medical negligence, the gunshot wound, and the degree of healing to the victim's wounds. We affirm the circuit court's findings denying postconviction relief on this final point.

Affirmed.

*LaJason J. Coakley*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Karen Virginia Wallace*, Ass't Att'y Gen., for appellee.