Cite as 2023 Ark. 179

# SUPREME COURT OF ARKANSAS
**No.** CR–23–160

| | | |
|---|---|---|
| | | **Opinion Delivered:** December 7, 2023 |
| RODNEY DALE HARMON | | |
| | APPELLANT | APPEAL FROM THE FAULKNER COUNTY CIRCUIT COURT [NO. 23CR-15-702] |
| V. | | |
| | | |
| STATE OF ARKANSAS | | HONORABLE CHARLES E. CLAWSON III, JUDGE |
| | APPELLEE | |
| | | AFFIRMED. |

**RHONDA K. WOOD, Associate Justice**

Rodney Dale Harmon was convicted of multiple drug-related felonies and sentenced to forty years in prison. On direct appeal, Harmon challenged several rulings, including an issue about the presence of an HBO documentary film crew during the execution of a search warrant at his home. We affirmed. Harmon filed a petition for postconviction relief under Arkansas Rule of Criminal Procedure 37. He centered his claims on issues involving the presence of the film crew during the search. The circuit court denied the petition in a written order without a hearing. Harmon appeals and we affirm.

## I. *Factual Background*

Details of this case can be found in our opinion from Harmon's direct appeal. *Harmon v. State*, 2020 Ark. 217, 600 S.W.3d 586. Briefly, in 2015, law enforcement officers obtained a search warrant for Harmon's residence. Present during the search was an HBO film crew making a documentary called *Meth Storm*. Law enforcement seized drugs, paraphernalia, and

firearms. Harmon was charged with a series of drug-related offenses. Well into the case, the State informed defense counsel about the film crew's presence at the search. This began an extended discovery dispute about who was responsible—the State or defense—for obtaining the footage of the search. Ultimately, the footage could not be obtained, nor was it included in the documentary.

Harmon was tried, convicted, and sentenced to forty years' imprisonment. We affirmed on direct appeal. *Id.* Subsequently, Harmon petitioned for postconviction relief under Rule 37. He raised claims related to the presence of the film crew at the search. The circuit court denied the petition and now Harmon appeals. We affirm.

## II. *Law and Analysis*

We review the circuit court's grant or denial of postconviction relief for clear error. *Sales v. State*, 2014 Ark. 384, 441 S.W.3d 883. A finding is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been committed. *Id.*

### A. Fundamental Trial Error

Harmon's first claim is one of an alleged Fourth Amendment trial error. We have consistently held that Rule 37 cannot be used to raise questions of trial error, even those involving alleged constitutional violations. *Lane v. State*, 2019 Ark. 5, at 5, 564 S.W.3d 524, 529. On an exceedingly rare occasion, there is a claim of trial error so fundamental that the judgment becomes subject to collateral attack. *Collins v. State*, 324 Ark. 322, 327, 920 S.W.2d 846, 848 (1996). (explaining the right to trial by a twelve-member jury is

fundamental and subject to consideration in a Rule 37 petition). Harmon contends the violation here is one such fundamental violation.

Harmon argues that the presence of the HBO documentary film crew during the search of his home violated his Fourth Amendment rights as explained in *Wilson v. Layne*, 526 U.S. 603 (1999).[1] In *Wilson*, police invited a reporter and a photographer to accompany them while executing an arrest warrant in a private home. *Id*. The residents of the home sued the officers in their personal capacities under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and 42 U.S.C. § 1983, arguing that the officers violated their Fourth Amendment rights. *Wilson*¸ 526 U.S. at 608. The United States Supreme Court held that the "media ride-along" indeed violated the Wilsons' Fourth Amendment rights, but that the officers had qualified immunity because the illegality of such conduct was not clearly established at the time of the search. *Id*. at 617.

Harmon contends that the filmmakers' similar presence at the search of his home violated his Fourth Amendment rights and article 2, section 15 of the Arkansas Constitution. He believes this is a fundamental trial error that mandates his convictions be reversed. Yet, we disagree. "[A] constitutional violation is not in itself enough to trigger application of Rule 37." *Cotton v. State*, 293 Ark. 338, 339, 738 S.W.2d 90, 91 (1987). Despite his argument, this court has consistently held that evidentiary issues, including claims that evidence may have been obtained by illegal search or seizure, are not errors of such a fundamental nature as to void the judgment. *See, e.g.*, *Williams v. State*, 2019 Ark. 289, at

---

[1]This argument is separate and independent from Harmon's *Wilson*-based ineffective-assistance claim discussed below.

3, 586 S.W.3d 148, 152 ("Claims of an illegal search . . . cannot be raised in a Rule 37 proceeding."); *Munnerlyn v. State*, 2014 Ark. 27, at 3 (per curiam) ("[T]he issue of whether there was evidence obtained by an illegal search in his case is not an issue of such fundamental nature that the judgment entered against petitioner would be rendered void by the error."); *Green v. State*, 2013 Ark. 455, at 9 (per curiam) ("This allegation of a due-process violation that is based on alleged trial error regarding the admissibility of the Report is not cognizable in Rule 37.1 proceedings."). Thus, the circuit court did not clearly err by denying Harmon's petition for postconviction relief on this issue.[2]

## B. Ineffective Assistance of Counsel

We review ineffective-assistance-of-counsel claims using the two-prong test from *Strickland v. Washington*, 466 U.S. 668 (1984). *Strickland* requires the petitioner to show both that (1) counsel's performance was deficient, and (2) the deficient performance prejudiced the defense. *Holland v. State*, 2022 Ark. 138, at 2, 645 S.W.3d 318, 320. Our review of counsel's performance begins with the presumption that counsel was effective. *Id.* at 2. To overcome this presumption and show a deficiency in counsel's conduct, "[t]he petitioner has the burden of identifying specific acts and omissions that, when viewed from counsel's

---

[2]The circuit court denied Harmon's petition on the *Wilson* issue on the basis that *Wilson* was a civil case with no bearing on a criminal Rule 37 petition. We can affirm based on the circuit court's having reached the right result even if the reasons given were different. *Gipson v. State*, 2019 Ark. 310, at 3, 586 S.W.3d 603, 605. The concurrence contends the circuit court's reason for denying this claim was correct. The concurrence is wrong. There is no authority for the concurrence's argument that Rule 37 relief can be denied solely because the petitioner cites a civil section 1983 case. Harmon raised a fundamental-rights claim, which we address according to our precedent.

perspective at the time of trial, could not have been the result of reasonable professional judgment." *Id.* Even where counsel's conduct and professional judgment were deficient, the petitioner's ineffective-assistance claim will fail unless petitioner can show that there is a reasonable probability that the fact-finder's decision would have been different absent counsel's errors. *Id.* Once we determine that a petition fails on one prong, we need not address the other prong under *Strickland. Arnold v. State*, 2022 Ark. 191, at 12, 653 S.W.3d 781,789.

Harmon argues that trial counsel was ineffective because counsel failed to identify the *Wilson* violation and raise it as an independent ground to suppress the evidence obtained in the search of Harmon's home. We find that Harmon's trial counsel was not ineffective for failing to raise this argument. While *Wilson* is established law, the remedy for such violation in the context of a criminal trial is not. As explained above, *Wilson* was a civil suit for money damages, not a criminal-suppression case. As Harmon has not cited a single case that has excluded evidence obtained during a media ride-a-long, we cannot find that Harmon can overcome the presumption of effectiveness to meet the deficiency prong of *Strickland.* Counsel was not deficient for failing to raise a novel argument. *Weaver v. State*, 339 Ark. 97, 102, 3 S.W.3d 323, 327 ("An attorney is not ineffective for failing to raise every novel issue which might conceivably be raised."). And counsel aggressively pursued suppression of the evidence on other grounds. Thus, the circuit court was not clearly erroneous in denying relief on this claim.[3]

---

[3]We do not address Harmon's second point concerning counsel failing to take additional steps to obtain the HBO footage as he abandoned it on appeal.

Finally, Harmon challenges the circuit court's failure to hold a hearing on his Rule 37 petition. Rule 37(a) provides that "[i]f the petition and the files and records of the case conclusively show that the petitioner is entitled to no relief, the trial court shall make written findings to that effect, specifying any parts of the files, or records, that are relied upon to sustain the court's findings." Ark. R. Crim. P. 37.3(a). None of Harmon's arguments in his petition, nor the record of the case, show that Harmon is entitled to any relief under Rule 37. Therefore, the circuit court did not err by dismissing the petition by written order without a hearing.[4]

In sum, we cannot find that the circuit court's decision to deny Harmon relief under Rule 37 was clearly erroneous.

Affirmed.

Special Justice DAVID W. PARKER joins.

WEBB, J., concurs.

HILAND, J., not participating.

**BARBARA W. WEBB, Justice, concurring.** I agree that the circuit court did not err in denying Rodney Dale Harmon's petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37. However, I do not agree with the majority opinion's rationale. Specifically, I would affirm the circuit court's decision to deny Harmon's first point without resorting to the right for any reason doctrine which the majority has

---

[4]The concurrence states that in this one simple paragraph, we are trying to "usurp the role of the trial court" and that we suggest "the trial court's performance was lacking." We do nothing of the sort. We cite the same rule as the concurrence and reach the same conclusion that no hearing was necessary. The concurrence's accusation is perplexing.

imported from our *habeas* corpus jurisprudence and is not applicable in this case. Furthermore, while I agree that the circuit court did not err in denying Harmon's petition without conducting a hearing; the majority's analysis does not comport with our extensive case law that deals with this very issue.

In Harmon's Rule 37 petition he concedes that *Wilson v. Layne*, 526 U.S. 603 (1999), is "a civil rights action and not a criminal case." Furthermore, without citing a single case to the contrary, he acknowledges that "several lower courts have held that such a violation of the media ride-along prohibition does not necessarily require suppression." Given Harmon's own characterization of the very precedent that he urged the circuit court to apply, it is not clearly error for the circuit court to conclude that as a matter of law—as the majority concludes disposing of Harmon's second issue—that *Wilson* is a civil case with no applicability to a criminal proceeding. Contrary to Harmon's argument on appeal and in the various motions and petitions that he filed during the pendency of this appeal, the circuit court not only ruled on his petition, it did so correctly.

Regarding the denial of Harmon's Rule 37 petition without a hearing, Arkansas Rule of Criminal Procedure 37.3(a) states:

> If the petition and the files and records of the case conclusively show that the petitioner is entitled to no relief, the trial court shall make written findings to that effect, specifying any parts of the files, or records that are relied upon to sustain the court's findings.

The circuit court's order, however succinct, complies with the requirements of Rule 37.3(a). The law is well settled that there is no need conduct a searching review of the whole record if the circuit court's order complies with the requirements of Rule 37.3(a). *See, e.g.*, *Greene v. State*, 356 Ark. 59, 146 S.W.3d 871 (2004). Furthermore, Harmon's argument

regarding the lack of a hearing is not based on disputed *facts*. He is only seeking a favorable disposition of his legal arguments. Accordingly, an *evidentiary* hearing, as contemplated by Rule 37.3 is not required in this case. It is not the role of this court to usurp the role of a trial court, and the suggestion that the trial court's performance here was lacking in any meaningful way is simply wrong.

I respectfully concur.

*Jeff Rosenzweig*, for appellant.

*Tim Griffin*, Att'y Gen., by: *Christian Harris*, Sr. Ass't Att'y Gen., for appellee.