Cite as 2024 Ark. 127

# SUPREME COURT OF ARKANSAS

**No.** CR-24-243

| | |
|---|---|
| SIR JEFFERY MCNEIL-LEWIS<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br><br>APPELLEE | **Opinion Delivered:** September 19, 2024<br><br>APPEAL FROM THE CRITTENDEN COUNTY CIRCUIT COURT<br>[NO. 18CR-21-104]<br><br>HONORABLE RANDY F. PHILHOURS, JUDGE<br><br><u>AFFIRMED</u>. |

**RHONDA K. WOOD, Associate Justice**

This is an appeal from the denial of postconviction relief under Rule 37 of the Arkansas Rules of Criminal Procedure. The petition asserted many claims of ineffective assistance of counsel, but the circuit court rejected them all. We affirm the circuit court's judgment.

## I. *Factual Background*

Sir Jeffery McNeil-Lewis was convicted of first-degree murder, first-degree battery, eight counts of terroristic threatening, and firearm enhancements. McNeil-Lewis received life in prison plus fifteen years. The convictions arose from a shooting at an abandoned house in West Memphis. Along with an accomplice, McNeil-Lewis fired shots at Jarvis Moore and Stacy Abram, who were sitting in front of the house on a lunch break from repairing the house. Moore died from a gunshot wound to the head. Abram survived and identified McNeil-Lewis as one of the shooters.

Other evidence tied McNeil–Lewis to the crimes. McNeil–Lewis was apprehended at the crime scene and had been seen leaving his sister's house from across the street. Guns were recovered from the sister's house; expert testimony tied these guns to the shootings. McNeil–Lewis had gunshot residue on his hands. Another eyewitness also identified McNeil–Lewis as the shooter. This testimony was introduced via dashcam footage from a police car because the eyewitness was unavailable for trial.

On direct appeal, McNeil–Lewis argued that admission of the dashcam footage and separate 911 calls violated the Confrontation Clause of the Sixth Amendment. We affirmed after finding the admission of the dashcam footage harmless because it was, among other things, cumulative to other evidence of guilt, such as the identification by the victim Stacy Abram. *McNeil-Lewis v. State*, 2023 Ark. 54, at 9, 661 S.W.3d 195, 200. We declined to address several arguments because they had been raised either belatedly or for the first time on appeal. These arguments included the following: (1) the dashcam footage and 911 calls were inadmissible hearsay; (2) the prosecutor's closing argument during the sentencing hearing included inflammatory and prejudicial statements; and (3) a posttrial motion about a juror who failed to disclose she was the child of the former and now-deceased county sheriff.

After we issued the mandate in the direct appeal, McNeil–Lewis petitioned for relief under Rule 37 of the Arkansas Rules of Criminal Procedure. McNeil–Lewis alleged multiple grounds of ineffective assistance of counsel. The circuit court held a hearing on the petition. Multiple witnesses testified, including McNeil–Lewis and his defense counsel at trial, Addie Burks. The circuit court denied the petition. Broadly, the court concluded

2

McNeil-Lewis both failed to prove that his defense counsel had been ineffective and failed to prove prejudice. The court specifically found that McNeil "failed to prove that but for any deficiencies committed by trial counsel the outcome of the case would have been different."

The circuit court made the following specific findings on eight claims of ineffective assistance. First, about the 911 calls, the court found that defense counsel made a reasonable strategic decision to pursue the Confrontation Clause argument rather than the hearsay argument. Second, similarly, the court ruled defense counsel's failure to raise the justification of self-defense was a strategic decision that, according to defense counsel, both she and McNeil-Lewis had agreed on before trial.

Third, regarding counsel's failure to object during closing arguments during sentencing, the circuit court found an objection would not have affected the outcome nor "would [the sentence] have been different." Fourth, the court ruled that defense counsel's failure to move to suppress evidence found during the search of McNeil-Lewis's sister's house was not prejudicial because, even without the fruits of that search, at least two other eyewitnesses identified McNeil-Lewis as the shooter, and the gunshot residue on his hands tied McNeil-Lewis to the shooting.

Fifth, on the juror-misconduct issue, the court found that McNeil-Lewis offered no proof of the juror's actual bias, a burden necessary to sustain a Rule 37 claim about juror misconduct.

Sixth, the court rejected a claim that defense counsel failed to make a timely *Batson* challenge because a timely challenge would not have been meritorious—after the untimely

3

challenge at trial, the State proffered a race-neutral reason for striking the juror. Seventh, the court ruled defense counsel was not ineffective for not calling witnesses during sentencing because, according to counsel, McNeil-Lewis told her he didn't want anyone else involved and declined to testify on his own behalf. The court also credited counsel's strategic decision to avoid calling witnesses who might have been required to testify about McNeil-Lewis's criminal history. Last, the court addressed McNeil-Lewis's claim that defense counsel failed to tell him about a plea offer for second-degree murder. The court rejected this claim, crediting testimony from defense counsel that she had indeed relayed the State's offer before trial to McNeil-Lewis, who rejected it.

McNeil-Lewis appeals all eight of these rulings. As explained below, many of McNeil-Lewis's arguments on appeal fail to address the merits of the circuit court's order. Arguments should directly address the substance of the circuit court's ruling. We affirm because the circuit court did not commit clear error when it rejected the claims.

II. *Law and Analysis*

A. Background Law

We review ineffective-assistance-of-counsel claims using the two-prong test from *Strickland v. Washington*, 466 U.S. 668 (1984). *Strickland* requires the petitioner show both that (1) counsel's performance was deficient, and (2) the deficient performance prejudiced the defense. *Harmon v. State*, 2023 Ark. 179, at 4, 678 S.W.3d 390, 393. Our review of counsel's performance begins with the presumption that counsel was effective. *Id*. To overcome this presumption and show a deficiency in counsel's conduct, the petitioner has the burden of identifying specific acts and omissions that, when viewed from counsel's

4

perspective at the time of trial, could not have been the result of reasonable professional judgment. *Id.* at 4–5. Even if other counsel would disagree with certain trial strategy decisions, those decisions do not mean that counsel was ineffective if they constituted reasonable professional judgment. *Noel v. State*, 342 Ark. 35, 41, 26 S.W.3d 123, 127 (2000). Regrettable hindsight for decisions made during trial do not, alone, equate to deficient representation.

Even when counsel's conduct and professional judgment were deficient, the petitioner's ineffective-assistance claim will fail unless petitioner can show that there is a reasonable probability that the fact-finder's decision would have been different absent counsel's errors. *Harmon*, 2023 Ark. 179, at 5, 678 S.W.3d at 393. A court does not need to decide both prongs of an ineffective-assistance claim once it has found the defendant failed to prove one of them. *See Gentry v. State*, 2022 Ark. 203, at 3, 654 S.W.3d 661, 665. Conclusory allegations unsupported by facts justify denying postconviction relief. *See Barber v. State*, 2016 Ark. 54, at 9, 482 S.W.3d 314, 322. We will not reverse unless the circuit court's findings were clearly erroneous. *Holland v. State*, 2022 Ark. 138, at 2, 645 S.W.3d 318, 321.

## B. Summarily Affirm - Trial Strategy

The circuit court rejected two of McNeil-Lewis's Rule 37 claims because the court concluded defense counsel's decision stemmed from reasonable trial strategy. These rejected claims were (1) that defense counsel should have objected to the 911 calls based on hearsay in addition to the Confrontation Clause and (2) that counsel should have pursued the justification of self-defense. On appeal, McNeil-Lewis fails to specifically articulate how the

circuit court erred when it concluded these were reasonable strategic decisions. These sections of the brief contain, at best, conclusory statements on this point. We will not make an appellant's argument for him, and it is incumbent on appellate counsel to present developed arguments that address how the circuit court's specific decision was clearly erroneous. *See Hendrix v. Black*, 373 Ark. 266, 269, 283 S.W.3d 590, 593 (2008); *Teris, LLC v. Chandler*, 375 Ark. 70, 86, 289 S.W.3d 63, 75 (2008). Thus, we summarily affirm the circuit court's decision on both points.

### C. Summarily Affirm – No Prejudice

The circuit court also rejected two claims because McNeil-Lewis could not show a reasonable probability of a different outcome—i.e., prejudice. These rejected claims were that counsel should have objected to inflammatory statements during the State's closing argument at sentencing and that counsel should have filed a motion to suppress the search of McNeil-Lewis's sister's house.

On appeal from the sentencing comments, McNeil-Lewis focuses on the argument "that the trial court clearly erred in finding this error was reasonable strategy" and makes only a cursory mention of prejudice. The argument challenging the ruling on the motion-to-suppress issue also focuses on the deficiency argument and gives a cursory mention to why there would have been prejudice.

Both of these points on appeal fail to directly contest the circuit court's detailed no-prejudice findings. The circuit court made clear findings about the substantial proof that existed at trial. For example, the court ruled that, even without the evidence gathered from McNeil-Lewis's sister's house, eyewitness testimony and gunshot residue on his hands

6

showed that McNeil-Lewis was the likely shooter. Because McNeil-Lewis fails to adequately address in more than a cursory fashion the court's dispositive ruling about prejudice for these two claims, we summarily affirm the circuit court's ruling on both.

### E. Failure to Timely Challenge Juror Misconduct

McNeil-Lewis also asserts defense counsel was ineffective for failing to raise juror misconduct until a posttrial motion. We declined to address this issue on direct appeal because it wasn't raised at the first opportunity—that is, when counsel was first made aware of the potential misconduct before sentencing had taken place. *McNeil-Lewis*, 2023 Ark. 54, at 10, 661 S.W.3d at 201. The circuit court rejected the Rule 37 claim because McNeil-Lewis failed to show actual bias. The court found that the juror was the daughter of the former county sheriff; that her father, now deceased, had been sheriff more than ten years earlier; and that the juror questionnaire asking about any relationship to law enforcement had been written in the present tense. Thus, by answering no to the question whether she was related to law enforcement *at the time of trial*, the juror did not give a misleading or false answer.

On appeal, McNeil-Lewis argues that the juror's answer to the questionnaire was deliberate and "obviously prejudicial." McNeil-Lewis claims a reasonable probability of a different outcome had this juror not been seated. Again, as with the earlier four arguments, this argument does not directly address the circuit court's ruling below. The court held that the claim failed because McNeil-Lewis failed to prove actual bias. McNeil-Lewis neither objects to this legal standard nor presents any evidence of actual bias. We are presented instead with conclusory arguments, and we accordingly affirm.

7

### F. Failure to Make Timely *Batson* Challenge

McNeil-Lewis also appeals the circuit court's ruling that counsel was not ineffective for making an untimely *Batson* challenge. At trial, defense counsel made the relevant objection the day after the jury was seated. The trial court therefore rejected the argument as too late. But even so, the State proffered a race-neutral reason for making the strike: the juror's social media was affiliated with gang-related activity.[1] In order to survive a *Batson* challenge, the State must provide a race-neutral justification; but the bar is low, as the reason "need not be persuasive or even plausible and may be silly or superstitious." *Turnbo v. State*, 2021 Ark. 166, at 4, 629 S.W.3d 797, 800.

Applying this standard, the trial court noted that any *Batson* challenge, even if timely, would have been denied. The State's justification for the strike rested on its own investigation of the juror's social media profile. Counsel cannot be ineffective for failing to make a meritless objection. *E.g.*, *Reynolds v. State*, 2020 Ark. 174, at 5, 599 S.W.3d 120, 125; *Breeden v. State*, 2014 Ark. 159, at 7, 432 S.W.3d 618, 624; *McClinton v. State*, 2018 Ark. 116, at 6, 542 S.W.3d 859, 863. And the trial court itself explained that such an objection would have been denied. We find no error in the circuit court's rejection of this claim.

### G. Failure to Provide Mitigating Evidence During Sentencing

Next, McNeil-Lewis argues that the circuit court erred when it denied relief for defense counsel's failure to present evidence during the sentencing hearing. At the Rule 37

---

[1]Another strike was also at issue but involved an alternate juror. Because no alternative jurors were seated, this second strike is irrelevant.

hearing, McNeil-Lewis presented evidence from his sister, brother, godmother, and fiancé that they would have been willing to testify at trial and would have given mitigating testimony. In response, defense counsel testified that, before trial, McNeil-Lewis did not want her to issue subpoenas for witnesses during sentencing and that their pre-trial conversations did not reveal any possible witnesses. Counsel also noted a strategic decision to avoid calling witnesses for fear the State would have asked about McNeil-Lewis's criminal history.

In its order denying relief, the circuit court focused on counsel's strategic decision. The court noted the dilemma between presenting mitigating testimony and the possibility of eliciting harmful evidence about McNeil-Lewis's criminal history. On appeal, McNeil-Lewis argues that his criminal history would have been admissible anyway during sentencing under Ark. Code Ann. § 16-97-103 (Repl. 2016), which provides that prior convictions and relevant character evidence may be presented.

Even so, at trial, the State did not present any witnesses or evidence during the sentencing hearing. Thus, from the record, it appears McNeil-Lewis's trial counsel was correct to fear that the jury would have heard about McNeil-Lewis's character traits and criminal history through his own witnesses. And putting on witnesses would have also gone against McNeil-Lewis's specific instructions to defense counsel that he didn't want anyone else involved. *Strickland*, 466 U.S. at 691 ("The reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions."). We hold the circuit court's decision was not clearly erroneous in that counsel made a strategic

choice to follow her client's instructions and avoid the introduction of potentially damaging information about McNeil-Lewis's criminal past.

## H. Failure to Inform about Plea Agreement

The last point on appeal comes from the circuit court's denial of the claim that counsel was ineffective for failing to inform McNeil-Lewis of a plea offer. McNeil-Lewis testified at the Rule 37 hearing that he did not know about a plea offer for second-degree murder. But defense counsel said the State had made an offer, that she presented it to McNeil-Lewis, that he rejected it, and that he made a counteroffer.

In denying relief, the circuit court credited defense counsel's testimony and appeared to discredit McNeil-Lewis's self-serving testimony. "Arguments based upon self-serving statements do not meet the burden of establishing an ineffective-assistance claim." *Airsman v. State*, 2015 Ark. 409, at 6, 473 S.W.3d 549, 555. Nor will we overturn the circuit court's credibility determination on appeal. *Williams v. State*, 2011 Ark. 489, at 13, 385 S.W.3d 228, 237. The circuit court saw both witnesses testify in person and was able to gauge their credibility from their demeanor. The circuit court chose to believe defense counsel, not McNeil-Lewis. We affirm the circuit court's finding on this point.

Because we find the circuit court's decision denying the petition for Rule 37 relief was not clearly erroneous, we affirm.

Affirmed.

*Lassiter & Cassinelli*, by: *Michael Kiel Kaiser*, for appellant.

*Tim Griffin*, Att'y Gen., by: *David L. Eanes Jr.*, Ass't Att'y Gen., for appellee.